J-S46009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENDALL C. RICHARDSON, | |
| Appellant | No. 3073 EDA 2015 |

Appeal from the PCRA Order Entered September 21, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000217-2008

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                  **FILED AUGUST 02, 2016**

Appellant, Kendall C. Richardson, appeals *pro se* from the September 21, 2015 order denying, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts underlying Appellant's convictions are unnecessary to our disposition of his appeal.  We briefly summarize the pertinent procedural history, as follows.  On June 1, 2009, following a multi-day jury trial, Appellant was convicted of first-degree murder, attempted murder, robbery, and recklessly endangering another person (REAP).  On July 14, 2009, the court sentenced Appellant to a term of life imprisonment, without the

_____

[*] Retired Senior Judge assigned to the Superior Court.

possibility of parole, for first-degree murder. The court also imposed a consecutive term of 10 to 20 years' incarceration for attempted murder, a concurrent term of 90 to 180 months' incarceration for robbery, and a term of 6 months' to 2 years' imprisonment for REAP, imposed to run consecutively to Appellant's robbery sentence. Appellant filed a timely appeal from his judgment of sentence, and after this Court affirmed on April 18, 2011, our Supreme Court denied Appellant's subsequent petition for allowance of appeal on October 17, 2011. *Commonwealth v. Richardson*, 29 A.3d 835 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 30 A.3d 488 (Pa. 2011). Thus, Appellant's judgment of sentence became final on January 15, 2012, at the expiration of the 90 day time-period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

Appellant filed a timely, *pro se* PCRA petition on March 22, 2012, and counsel was appointed. After counsel filed an amended petition on Appellant's behalf, the PCRA court denied the petition on July 13, 2012. Appellant filed a timely appeal with this Court, and we affirmed on

September 26, 2014. *Commonwealth v. Richardson*, 107 A.3d 236 (Pa. Super. 2014) (unpublished memorandum).

On August 21, 2015, Appellant filed a second, *pro se* PCRA petition, which underlies the present appeal. On August 28, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss. Appellant filed a *pro se* response, but on September 22, 2015, the court issued an order denying his petition. Appellant filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court subsequently filed a Rule 1925(a) opinion.

Before reviewing the claims Appellant raises herein, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

Herein, Appellant presents three issues for our review, beginning with a challenge to the PCRA court's conclusion that his petition was untimely filed. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of

sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on January 15, 2012, and thus, his current petition, filed on August 21, 2015, is patently untimely under section 9545(b)(1). Consequently, for this Court to have jurisdiction to review the merits of Appellant's underlying claims, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In this regard, Appellant avers that he meets the after-discovered fact exception of section 9545(b)(1)(ii), based on his discovery of the written policy of the Lehigh County Sheriff's Office on requiring criminal defendants to wear a "R-E-A-C-T Control System." Appellant's Brief at 9. According to Appellant, the 'R-E-A-C-T System' is a "50,000 volt device" (referred to by Appellant as a "stun-belt" or "shock-belt") that was "strapped" underneath his shirt on his "right side in the area of his kidney" throughout jury selection and his trial. *Id.* 16, 24. Appellant claims that the written policy of the Sheriff's Office states that the 'R-E-A-C-T System' should be used when *transporting* prisoners facing homicide charges. *Id.* at 10, 17. Appellant states that because he was forced to wear the 'shock-belt' during jury selection and trial, the policy was violated. He then presents a more detailed argument regarding why his being forced to wear the 'shock-belt' violated his constitutional rights and caused him prejudice warranting a new trial.

Initially, Appellant has not demonstrated that he exercised due diligence in discovering the 'R-E-A-C-T System' policy of the Lehigh County Sheriff's Office. In this vein, Appellant states that he first attempted to obtain a copy of the policy in December of 2014 by filing a request through the Right to Know Act, 65 P.S. §§ 67.101 - 67.3104. Appellant's Brief at 10. According to Appellant, he did not receive a copy of the policy, nor any response from the Sheriff's Office. In June of 2015, he filed a second request for "a copy of the redacted version of the policy." *Id.* Appellant

maintains that on June 24, 2015, he received the policy, and he filed his petition within 60 days thereof, on August 21, 2015. *Id.* at 10.

Notably, Appellant does not explain what prompted him to begin his attempts to obtain a copy of the 'R-E-A-C-T System' policy in December of 2014, or discuss why he could not have done so earlier. This utter lack of explanation fails to meet Appellant's burden of proving that he exercised due diligence in discovering the purported violation of the 'R-E-A-C-T System' policy, on which his after-discovered-fact claim is based.

In any event, Appellant's underlying arguments - that the wearing the 'shock-belt' during trial violated his constitutional rights and caused him significant prejudice - are not necessarily premised on the *violation* of the 'R-E-A-C-T System' policy but, instead, on the simple fact that Appellant was forced to wear the 'shock-belt' at his trial. Appellant admits that he knew he was wearing the 'shock-belt' at that time, and concedes that his underlying arguments could have been raised at trial, on direct appeal, or in his first PCRA petition. *See* Appellant's Brief at 11. He argues, however, that his counsel at those stages of the proceedings acted ineffectively by failing to present these claims. Unfortunately for Appellant, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

We also address Appellant's brief mention of the governmental interference exception of section 9545(b)(1)(i). It seems that Appellant is

asserting that his first, timely-filed, *pro se* PCRA petition was defective, and his appointed PCRA counsel failed to correct those defects in her amended petition. According to Appellant, under Pa.R.Cim.P. 905, the court was required to order PCRA counsel to file another amended petition to remedy the defects in her first amendment. **See** Appellant's Brief at 13; **see also** Pa.R.Crim.P. 905(B) ("When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed."). Appellant argues that the court's failure to issue such an order constituted governmental interference under section 9545(b)(1)(i).

Even if the court's conduct amounted to 'governmental interference' encompassed by the timeliness exception, the record demonstrates that, at the latest, Appellant became aware of the 'governmental interference' he alleges herein on July 13, 2012, when the PCRA court issued the order denying his first petition, rather than an order directing his PCRA counsel to file an amendment thereof. Given that Appellant appealed from the PCRA court's order denying his first petition, he could not have filed a second petition asserting his governmental interference claim until the resolution of that appeal. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding "that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought,

or upon expiration of the time for seeking such review."). This Court affirmed the PCRA court's order on September 26, 2014, and, therefore, Appellant's appeal concluded on October 26, 2014, at the expiration of his time for seeking review with our Supreme Court. Appellant then had 60 days from October 26, 2014, to file a petition raising his governmental interference claim. *See Lark*, 746 A.2d at 588 ("The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented.") (citing 42 Pa.C.S.§ 9545(b)(2)). Because Appellant did not file his petition until August 21, 2015, he clearly did not meet the 60-day time requirement for raising this governmental interference claim.

In sum, Appellant has failed to prove that either of the exceptions in section 9545(b)(1)(i) or (ii) applies in this case. Accordingly, the PCRA court did not err in denying his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2016

- 8 -