J. S55023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL YARBOROUGH, | : | |
| | : | |
| Appellant | : | No. 2891 EDA 2015 |

Appeal from the PCRA Order August 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001225-2007
CP-51-CR-0001284-2007

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 21, 2016**

Appellant, Darnell Yarborough, appeals *pro se* from the Order entered in the Philadelphia County Court of Common Pleas dismissing his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

On January 25, 2008, a jury found Appellant guilty of Third-Degree Murder, and two counts each of Robbery, Criminal Conspiracy, Carrying a Firearm Without a License, and Possession of an Instrument of Crime.[1] The charges arose in connection with two separate incidents: the April 29, 2005

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 3701; 18 Pa.C.S. § 903; 18 Pa.C.S. § 6106(a); and 18 Pa.C.S. § 907, respectively.

robbery and beating of Rasheed Jackson, and the May 4, 2005 shooting death of Lionel Brewer.

On March 28, 2008, Appellant was sentenced to an aggregate term of 35 to 70 years of incarceration.  Appellant appealed from his Judgment of Sentence, and this Court affirmed.  **See Commonwealth v. Yarborough**, No. 2558 EDA 2008 (unpublished memorandum) (Pa. Super. filed April 20, 2010).  The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on October 5, 2010.  **See Commonwealth v. Yarborough**, No. 258 EAL 2010 (Pa. filed October 5, 2010).

Appellant filed his first PCRA Petition on December 28, 2010.  On January 27, 2012, the PCRA court denied Appellant's first PCRA Petition. This Court affirmed the dismissal on October 18, 2012.  **Commonwealth v. Yarborough**, No. 811 EDA 2012 (Pa. Super. filed October 18, 2012).

Appellant filed the instant *pro se* PCRA Petition, his second, on July 14, 2015, claiming his sentence is illegal pursuant to **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015).  On July 28, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition, noting that it lacked jurisdiction to consider Appellant's underlying claim because the Petition was not timely filed, and Appellant had failed to plead and prove a timeliness exception.  Appellant filed a *pro se* Response on August 10, 2015.

On August 24, 2015, the PCRA court dismissed Appellant's Petition without a hearing. Appellant filed a *pro se* Notice of Appeal on September 15, 2015. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement, but nonetheless filed a Pa.R.A.P. 1925(a) Opinion.

Appellant raises the following issue:

Whether 18 Pa.C.S.A. § 2502(c)[2] is unconstitutionally vague[,] and is a mandatory minimum sentencing statute void from [its] inception?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite). A PCRA petition must be filed within one year of the date the

---

[2] Defining Third-Degree Murder.

underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). The statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(1)-(2).

Here, Appellant's Judgment of Sentence became final on January 3, 2011, upon expiration of the time to file a Petition for Writ of Certiorari with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13; **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (explaining that Judgment of Sentence becomes final 90 days after denial of Petition for *Allocatur*). In order to be timely, Appellant must have submitted his PCRA Petition by January 3, 2012. **Id**. Appellant filed the instant PCRA Petition on July 14, 2015, well after the one-year deadline. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion at 2.

Appellant does not invoke or argue any timeliness exception for his claims in his Brief to this Court. In his PCRA Petition, Appellant did attempt to invoke the timeliness exception under Section 9545(b)(1)(ii) in his challenge to the legality of his sentence, alleging as newly-discovered evidence our Supreme Court's holding in **Hopkins, supra**. However, "[o]ur

Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by [S]ection 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013).[3]

Moreover, Appellant has nowhere attempted to argue that his challenge to the constitutionality of the Third-Degree Murder statute is timely. We decline to develop and address arguments that Appellant has failed to raise. **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

In sum, Appellant's PCRA Petition was facially untimely and he did not plead and prove the applicability of any of the three statutory timeliness exceptions. Accordingly, the PCRA court properly dismissed Appellant's PCRA Petition. We, thus, affirm the denial of PCRA relief.

Order affirmed.

---

[3] Significantly, we note that the trial court did not sentence Appellant to a mandatory minimum sentence, but instead sentenced Appellant after considering the Sentencing Guidelines under the Deadly Weapon Enhancement ("DWE") Matrix. Trial Court Opinion, filed 11/25/15, at 5-6. **See also** 204 Pa.Code §§ 303.1, 303.16(a), 303.17(b); **Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015) ("By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury."), *appeal granted in part*, 127 A.3d 1286 (2015). Accordingly, even if Appellant had properly raised his sentencing challenge, it would not fall under **Alleyne** or its progeny. **Alleyne v. United States**, 133 S.Ct 2151 (2013).

J. S55023/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016