J-S68019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW SCOTT PETERS | |
| Appellant | No. 1976 WDA 2015 |

Appeal from the PCRA Order Dated November 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000878-2008
CP-25-CR-0000879-2008
CP-25-CR-0000881-2008
CP-25-CR-0000882-2008
CP-25-CR-0000883-2008
CP-25-CR-0000916-2008

BEFORE: SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 10, 2016**

Appellant, Andrew Scott Peters, appeals *pro se* from the order dismissing his fifth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On December 28, 2007, Appellant and a co-defendant robbed a market at gunpoint in the Borough of Union City, Erie County. At the time of the incident, Appellant was on probation and parole for two prior convictions.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On July 8, 2008, Appellant pleaded guilty to six counts of robbery[1] and, on September 16, 2008, was sentenced to 30 to 60 years' incarceration; this sentence entailed six consecutive five-year mandatory minimum sentences pursuant to 42 Pa.C.S. § 9712 ("Sentences for offenses committed with firearms"). PCRA petition, 8/10/15, at 7B; Appellant's Brief, at 10.[2]

On February 11, 2009, Appellant filed his first PCRA petition. The PCRA court then reinstated Appellant's direct appeal rights *nunc pro tunc*, Appellant filed a direct appeal, this Court affirmed the judgment of sentence,[3] and, ultimately, the Supreme Court of Pennsylvania denied allocatur on March 3, 2011.[4] While the allocatur petition was still pending, Appellant filed a second PCRA petition on August 12, 2010, which the PCRA court dismissed on August 25, 2010. Appellant twice more unsuccessfully sought post-conviction relief in 2011[5] and 2014.[6]

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] The sentencing guidelines regarding the mandatory minimum sentences under Section 9712 were attached to the court's written sentencing orders.

[3] ***Commonwealth v. Peters***, Nos. 1197-1202 WDA 2009 (Pa. Super. Apr. 19, 2010) (unpublished memorandum).

[4] Dkt. Nos. 233-238 WAL 2010.

[5] ***See Commonwealth v. Peters***, Nos. 1893 EDA 2011, 1950-1955 WDA 2011 (Pa. Super. Aug. 21, 2012) (unpublished memorandum).

[6] Dkt. No. 65 WDA 2015 (dismissed for failure to file a brief).

On August 10, 2015, Appellant filed the current PCRA petition, his fifth, "challeng[ing] the application of 6 consecutive mandatory minimum sentences, specifically, the 5 year mandatory minimum sentence(s) based upon 42 Pa.C.S.A. 9712, visibly possessing a firearm during a crime of violence."  PCRA petition, 8/10/15, at 3.  Appellant asserted that "[t]hese sentences are unconstitutional because the [C]ommonwealth failed to submit the charge/statute for enhancement to the Jury." ***Id.***

On August 14, 2015, the PCRA court issued a Notice to Dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907, stating that the instant PCRA petition was untimely.  On November 17, 2015, the PCRA court entered an order dismissing the PCRA petition, and Appellant then filed this appeal on December 7, 2015.[7]

After Appellant filed his brief with this Court, the Commonwealth sent a letter to this Court, stating that it would not be filing a brief.  On July 12, 2016, Appellant filed an "Application to Strike" the Commonwealth's letter.  Because we perceive no ground to strike the Commonwealth's letter, Appellant's Application to Strike is denied.

In his *pro se* brief, Appellant raises the following issues, as stated:

I.    Are sentences totaling thirty (30) to sixty (60) years unconstitutional, therefore Illegal

---

[7] Before the PCRA court entered its order, Appellant filed a premature appeal from the Rule 907 notice.  We quashed that appeal on December 15, 2015.

II.     Did the Court Err in enhancing sentence without producing element for fact finder to determine beyond a reasonable doubt

III.    Does the Decision of unconstitutional statute, As deemed by Supreme Court, Apply Retroactively

Appellant's Brief, at 5. This final issue incorporates Appellant's challenge to the PCRA court's conclusion that his PCRA petition was untimely, contending that the petition "was timely filed and cannot possibly be deemed untimely filed." *Id.* at 18. As noted, the PCRA court concluded that it lacked jurisdiction in light of the petition's untimeliness. PCRA Court Opinion, 8/14/15.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the following three exceptions to the time limitations set forth in Section 9545(b)(1) of the statute:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

- 4 -

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-652; **see also** 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007).

A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S. § 9545(b)(3). United States Supreme Court Rule 13 provides that a petition for a writ of certiorari to review a state court judgment is timely if filed within 90 days after the entry of an order by the state's highest court denying discretionary review. **Commonwealth v. Feliciano**, 69 A.3d 1270, 1275 (Pa. Super. 2013); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998). Appellant's conviction therefore became final on June 1, 2011 — 90 days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal. As such, Appellant had until June 1, 2012 to file a timely petition for post-conviction relief. Appellant filed the instant PCRA petition on August 10, 2015.

Therefore, it is patently untimely, and the PCRA court could not address the merits of Appellant's petition unless a timeliness exception applies.

Appellant relies on the third of the three exceptions — that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). *See* PCRA Petition, 8/10/15, at 7; Appellant's Brief, at 17. Appellant claims that the mandatory minimum sentences imposed upon him in 2008 are illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which held that a mandatory minimum sentence is unconstitutional unless all facts that increase the sentence are proven to a jury beyond a reasonable doubt. PCRA petition, 8/10/15, at 7B. Appellant argues that *Alleyne* should apply retroactively to his sentence, as it effected a substantive change in the law. Appellant's Brief, at 15-17.

However, Appellant's claim fails for two reasons. First, *Alleyne* was decided on June 17, 2013, and Appellant did not file his current PCRA petition until August 10, 2015 — more than two years later. Thus, his claim fails, because he did not file this fifth PCRA petition "within 60 days of the date the claims could have been presented." 42 Pa.C.S. § 9545(b)(2). Second, *Alleyne* does not apply retroactively to cases such as Appellant's, where the judgment of sentence became final prior to the *Alleyne* decision.

*Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) ("*Alleyne* does not apply retroactively to cases pending on collateral review").

The only Supreme Court of Pennsylvania decision upon which Appellant relies that was decided less than 60 days prior to the filing of Appellant's current PCRA petition[8] is *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa., June 15, 2015). In *Hopkins*, the Supreme Court of Pennsylvania found the statute providing mandatory minimum sentences for drug crimes committed near schools, 18 Pa.C.S. § 6317, unconstitutional in light of *Alleyne*. Appellant argues that his petition is not time-barred because the Supreme Court of Pennsylvania created a "new rule" of substantive law in *Hopkins* that applies retroactively to cases on collateral review. Appellant's Brief, at 15, 17; PCRA Petition, 8/10/15, at 7B. Appellant asserts that, were *Hopkins* not applied retroactively here, "the resulting sentence [would be] by definition, Unlawful." Appellant's Brief, at 9. *See also id.* at 15, 17 ("the PCRA court erred in dismissing Appellant's PCRA petition by failing to apply . . . *Commonwealth v. Hopkins* retroactively. . . . Appellant has raised the claim of illegal sentence pursuant to the ruling in . . . *Hopkins*").

In fact, however, *Hopkins* is inapposite. *Hopkins* was decided on direct appeal, 117 A.3d at 249; it therefore did not hold that *Alleyne* applies retroactively to cases like this one that are on collateral review under the

---

[8] Sixty days prior to the filing of Appellant's PCRA petition was June 11, 2015.

PCRA. Appellant therefore cannot rely upon *Hopkins* to satisfy the newly created constitutional right exception to the PCRA's time bar. *See* 42 Pa.C.S. § 9545(b)(1)(iii). Instead, the controlling precedent here is *Washington*, which holds that *Alleyne* does **not** apply retroactively in PCRA cases.

Based on the foregoing, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Application to strike denied. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2016