J-S53012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE TRUDEL, JR., | |
| Appellant | No. 3154 EDA 2016 |

Appeal from the PCRA Order Entered September 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0822991-1987

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 20, 2017**

Appellant, George Trudel, Jr., appeals *pro se* from the September 20, 2016 order dismissing, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We need not set forth the factual and procedural history of Appellant's case in great detail.  We only note that in 1988, Appellant was convicted by a jury of second-degree murder, conspiracy, and possessing an instrument of crime.  He was sentenced to life imprisonment without the possibility of parole.  After this Court affirmed his judgment of sentence, our Supreme Court denied Appellant's subsequent petition for allowance of appeal. ***Commonwealth v. Trudel***, 573 A.2d 624 (Pa. Super. 1990) (unpublished memorandum), *appeal denied*, 589 A.2d 690 (Pa. 1990).

Appellant thereafter filed the present, *pro se* PCRA petition - his second - on May 1, 2012. He also filed several amended and supplemental petitions over the ensuing years. On August 2, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant filed a timely, *pro se* response, but on September 20, 2016, the PCRA court issued an order denying his petition. Appellant filed a timely, *pro se* notice of appeal. While the PCRA court did not direct him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, the court filed a Rule 1925(a) opinion on January 17, 2017.

Herein, Appellant presents three issues for our review:

A. Does not the decision of the Pennsylvania Supreme Court in **Commonwealth v. Vasquez**, 744 A.2d 1284 (Pa. 2000), which held that non-compliance with Pa.R.Crim. Proc., 42 Pa.C.S.[] § 1410 and, 42 Pa.C.S.[] § 5505 creates no bar to reviewing the application by the trial court of 42 Pa.C.S. § 9714?

…

B. Does not the recent decision of the United States Supreme Court in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and its progeny, **Commonwealth v. Newman**, 99 A.3d 86 ([Pa. Super.] 2014) [(*en banc*)], … **Commonwealth v. Wat**[**ley**,]81 A.3d 108 … (Pa. Super. 2013), **Commonwealth v. Valentine**[, 101 A.3d 801 (Pa. Super. 2014),] ... and **Commonwealth v. Wolfe**, 121 A.3d 433 (Pa. 201[5]), constitute illegal sentencing claims that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt?

…

C. Does not the PCRA [c]ourt's [a]nswer fail to address [Appellant's] illegal sentencing claims that non-compliance with Pa.R.Crim. Proc's [*sic*] create[s] no bar to reviewing the application by the trial court in any meaningful way, for it also

fails to even mention the applicability of 42 Pa.C.S. § 9542 action established in 42 Pa.C.S. pt. VIII, ch. 95, subch. B shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when subch. B takes effect, before denying the PCRA motion as without merit and untimely filed?

Appellant's Brief at 2-3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, our Supreme Court denied Appellant's petition for allowance of appeal on October 23, 1990; thus, his judgment of sentence became final 90 days thereafter, or on January 21, 1991. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, Appellant's current PCRA petition, filed in May of 2012, is patently untimely, and for this Court to have jurisdiction to review the merits of his claims, he must plead and prove the applicability of one of the above-stated timeliness exceptions.

Appellant has failed to meet this burden. He seemingly attempts to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii) by relying on the rule announced in *Alleyne*, and on subsequent decisions by our Supreme Court and this Court that invalidated certain mandatory minimum sentencing statutes in the wake of *Alleyne*. *See* Appellant's Brief at 6-10; *see also Alleyne*, 133 S.Ct. at 2163 (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). However, Appellant acknowledges that our Supreme Court has held that *Alleyne* does *not* apply retroactively to cases pending on collateral review. *See* Appellant's Brief at 10, 14 (recognizing that in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), our Supreme Court held that *Alleyne* does not apply retroactively to collateral attacks on mandatory minimum sentences).

Notwithstanding the holding in *Washington*, Appellant devotes a significant portion of his argument to contending that *Alleyne* constitutes a 'watershed rule of criminal procedure' that requires retroactive application. *See* Appellant's Brief at 10-14. Unfortunately for Appellant, even if we agreed with this argument, we are bound to follow *Washington*, which conclusively decided that *Alleyne* does not apply retroactively to cases on collateral review. Therefore, Appellant cannot rely on *Alleyne* to satisfy the exception of section 9545(b)(1)(iii). Additionally, while Appellant cites various decisions by our Supreme Court and this Court that were issued in the wake of *Alleyne*, none of those decisions created a 'new rule'; instead,

they merely applied the rule announced in **Alleyne** to find certain, mandatory minimum sentencing statutes unconstitutional.

For these reasons, Appellant has failed to prove that the timeliness exception of section 9545(b)(1)(iii) applies to his case. Thus, the PCRA court did not err in dismissing his untimely-filed petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2017