J-S72005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN YELVERTON, | |
| Appellant | No. 3110 EDA 2016 |

Appeal from the PCRA Order Entered August 31, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0104401-2004

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 02, 2018**

Appellant, Kevin Yelverton, appeals *pro se* from the post-conviction court's August 31, 2016 order dismissing, as untimely, his second petition under the Post Conviction Relief Act (PCRA) 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the court's order and remand for further proceedings.

The facts of Appellant's case were previously summarized by our Court, as follows:

> On June 9, 2003[,] at approximately 6:30 p.m., Tyrek Nelson (hereinafter "Tyrek"), David Nelson, his brother, the deceased (hereinafter "David"), and Michael Hinton (hereinafter "Michael") were on Conestoga Street in Philadelphia. [Appellant] (a/k/a Gotti) approached David and questioned him about something that was stolen from [Appellant's] apartment. An argument

---

* Former Justice specially assigned to the Superior Court.

ensued, [Appellant] grabbed David by his shirt, and they began shoving each other. Michael intervened and broke up the altercation. Tyrek, David, and Michael left the area and walked over to 55th Street in Philadelphia.

The next day, June 10, 2003[,] at approximately 9:00 p.m., Tyrek and other unknown males were in a dice game on Conestoga Street between Poplar Street and Girard Avenue in Philadelphia. David joined the dice game and won about twelve hundred dollars before he left. Approximately twenty minutes after David left the dice game, Tyrek left and walked towards 54th and Pennsgrove Streets. When he was approximately 60 feet away from Pennsgrove Street, he heard a gunshot. Upon turning onto Pennsgrove Street, he saw a male with braids, later identified as [Appellant], standing over another male, later identified as David, who was on the ground. He saw [Appellant] touch David's clothing and shoot at him twice. After firing the shots, [Appellant] ran across 54th Street through a parking lot.

*Commonwealth v. Yelverton*, No. 996 EDA 2006, unpublished memorandum at 2-3 (Pa. Super. filed Aug. 30, 2007) (quoting Trial Court Opinion, 7/14/06, at 1-2 (citations to record omitted)).

Following a jury trial, at which Tyrek Nelson was a key eyewitness for the Commonwealth, Appellant was convicted of second-degree murder and possessing an instrument of crime (PIC). On October 24, 2005, he was sentenced to life imprisonment, without the possibility of parole, for his murder conviction, and a consecutive term of 16 to 48 months' incarceration for his PIC offense. On August 30, 2007, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal. *Commonwealth v. Yelverton*, 935 A.2d 27 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 946 A.2d 688 (Pa. 2008).

Appellant filed his first PCRA petition on December 1, 2008. Counsel was appointed and filed an amended petition on his behalf. On January 18, 2011, Appellant's petition was denied without a hearing, and Appellant timely appealed. On October 25, 2013, this Court affirmed the order denying Appellant's petition, and on April 8, 2014, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Yelverton*, No. 1040 EDA 2011, unpublished memorandum (Pa. Super. filed Oct. 25, 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014).

On June 6, 2014, Appellant filed the *pro se* PCRA petition that underlies the present appeal. Therein, Appellant asserted, *inter alia*, that he had obtained new evidence in the form of an affidavit from Tyrek, in which Tyrek recanted his trial testimony against Appellant. On July 16, 2014, Appellant filed an amended petition. For some unapparent reason, Appellant's petition languished in the lower court for two years before the court issued a Pa.R.Crim.P. 907 notice on July 12, 2016, stating only that Appellant's petition "is untimely and does not invoke an exception to the timeliness provisions of the [PCRA]." Pa.R.Crim.P. 907 Notice, 7/12/16, at 1. On August 1, 2016, Appellant filed a *pro se* response to the court's Rule 907 notice, but on August 31, 2016, the court issued an order dismissing his petition as being untimely-filed.

Appellant filed a timely, *pro se* notice of appeal. Although the PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, the court

issued a Rule 1925(a) opinion on February 6, 2016. Herein, Appellant presents three issues for our review:

I. Whether the PCRA court abused its discretion in dismissing [] Appellant's petition for not meeting 42 Pa.C.S.[] § 9545(b)(2), where the claims under 42 Pa.C.S.[] § 9545(b)(1)(i) and (ii), were mailed prior to 60-days expiring, pursuant to the 'prisoner's mailbox rule'…[?]

II. Did the PCRA court abuse its discretion by not appointing counsel, and granting requested hearing where a *prima facie* showing was presented that if true, [] Appellant was factually innocent, thereby meeting the **Lawson**[1] standard where a miscarriage of justice occurred…[?]

III. Weather [*sic*] the PCRA court or/and the PCRA procedures as applied in the instant case violate PCRA rules 905, 907(c)(d), 908, and 42 Pa.C.S.[] § 9545(d), Article I §§ 1, 9, 11, 14, and 26, of the Pennsylvania Constitution, and[] the United States Constitution, Article I § 9, c.1.2, and the 5th, 6th, 8th, and 14th amendments of the United States Constitution, by not allowing [] Appellant a full, fair, and adequate procedure to prove innocents [*sic*]?

Appellant's Brief at 4 (unnecessary capitalization and quotation marks omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to

---

[1] **Commonwealth v. Lawson**, 549 A.2d 107 (Pa. 1988).

address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 5 -

Here, Appellant's judgment of sentence became final on July 14, 2008, at the expiration of the ninety-day period for filing a petition for review with the United States Supreme Court from his judgment of sentence. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant had until July 14, 2009, to file a timely petition, making his present petition, filed on June 6, 2014, patently untimely. Accordingly, Appellant must demonstrate the applicability of one of the above-stated timeliness exceptions.

In this vein, Appellant contends that he has satisfied both the governmental interference exception of section 9545(b)(1)(i), and the newly-discovered fact exception of section 9545(b)(1)(ii), based on an affidavit provided to him by Tyrek Nelson.[2] In that notorized affidavit, dated

---

[2] Appellant specifically claims on appeal – and argued in his petition below - that on December 6, 2013, he learned, through family members, that Tyrek had given his prior PCRA counsel the notorized affidavit, and "that the substance of this [a]ffidavit was a recantation of Tyrik [*sic*] Nelson's trial testimony." Appellant's Brief at 14. Appellant further avers that he "[t]rust[ed] his attorney" would properly handle Tyrek's affidavit, but he later discovered that counsel had done nothing with this new evidence, leaving "Appellant … no choice but to proceed *pro se*" in filing the present
*(Footnote Continued Next Page)*

November 21, 2013, Tyrek stated that Appellant was not the person who shot and killed his brother, David Nelson. Tyrek further claimed that he lied to the police when he named Appellant as the shooter because the officers had offered to "drop charges against [him] if [he] told them what they wanted to hear[,]" which "was that [Appellant] killed David Nelson." Appellant's PCRA Petition, 6/6/14, at "Exhibit A." According to Appellant, Tyrek's affidavit constitutes new evidence that Tyrek is recanting his trial testimony. Appellant also argues that the affidavit demonstrates the Commonwealth committed a **Brady**[3] violation by not disclosing the favorable treatment Tyrek had received in exchange for his implicating Appellant in the murder.

In the PCRA court's Rule 1925(a) opinion, it provides the following reason for denying Appellant's petition:

> Pursuant to 42 Pa.C.S.[] § 9545(b)(2), the [c]ourt finds that the claims presented in Appellant's instant PCRA petition were not asserted within 60 days of the date they could have been presented. Therefore, this petition does not properly invoke one of the three exceptions that would extend the one-year time limitation. This [c]ourt is without jurisdiction to address the matters asserted by Appellant's instant PCRA petition. Therefore, the claims raised in Appellant's PCRA petition are without merit.

PCRA Court Opinion, 2/6/17, at 4-5.

*(Footnote Continued)* ———————

petition. **Id. See also** Memorandum of Law (Attached to Amended PCRA Petition), 7/16/14, at 30.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 7 -

On appeal, Appellant contends that the PCRA court erred by dismissing his petition on the sole basis that he did not meet the 60-day requirement of section 9545(b)(2). Appellant explains that, while Tyrek's November 21, 2013 affidavit was first provided to him on December 6, 2013, at that time, he had a petition for review pending before the Supreme Court from the denial of his first PCRA petition. Accordingly, Appellant maintains that under our Supreme Court's rationale in **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), he could not file his second petition premised on Tyrek's affidavit until his appeal from the denial of his first petition concluded.[4]

We agree. In **Lark**, our Supreme Court held "that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon expiration of the time for seeking such review." **Lark**, 746 A.2d at 588; **see also Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012) (reiterating **Lark's** holding "that a PCRA trial court cannot entertain a new PCRA petition when a prior petition is still under review on appeal"). The **Lark** Court also directed that "[t]he subsequent petition must … be filed within sixty days **of the date of the order which finally resolves the previous PCRA petition**,

---

[4] We point out that Appellant argued, in his amended PCRA petition filed on July 16, 2014, that he met the 60-day requirement under the rationale of **Lark**, thus preserving the claim before the PCRA court. **See** Amended PCRA Petition, 7/16/14, at 3.

- 8 -

because this is the first 'date the claim could have been presented.'" *Id.* (quoting 42 Pa.C.S. § 9545(b)(2)) (emphasis added). Here, the Supreme Court's order finally resolving review of Appellant's first PCRA petition was issued on April 8, 2014. Appellant filed his present, *pro se* petition 59 days later, on June 6, 2014. Therefore, pursuant to the rationale of **Lark**, it is clear that the PCRA court erred by concluding that Appellant did not satisfy the 60-day requirement of section 9545(b)(2).

Because the PCRA court reached this erroneous conclusion, it did not evaluate whether Tyrek's affidavit satisfies either of the timeliness exceptions asserted by Appellant. More specifically, the PCRA court did not determine whether the information contained in Tyrek's affidavit was previously unknown to Appellant and, if so, whether he could have ascertained that information earlier by the exercise of due diligence. **See Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017). Appellant's original petition, and his amended petition filed on July 16, 2010, pled sufficient information to demonstrate that genuine issues of material fact surround these determinations. Accordingly, we vacate the PCRA court's order denying Appellant's petition on the basis of section 9545(b)(2), and remand his case for the PCRA court to conduct an evidentiary hearing, at which a record shall be developed regarding Appellant's due diligence in obtaining Tyrek's affidavit, and whether he previously knew of the information disclosed by Tyrek therein. Additionally, the PCRA court shall

appoint counsel to represent Appellant at that proceeding. ***See*** Pa.R.Crim.P. 904(D).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18