**COMMONWEALTH of Pennsylvania**

**v.**

**Paul B. OWENS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1998.
Filed Sept. 24, 1998.

Michael D. Rentschler, Camp Hill, for appellant.

Jeffrey B. Engle, Asst. Dist. Atty., Camp Hill, for Com., appellee.

Before POPOVICH, FORD ELLIOTT and SCHILLER, JJ.

**FORD ELLIOTT, Judge:**

Appellant Paul Owens appeals from the order dated June 4, 1997, dismissing his Post–Conviction Relief Act [1] (PCRA) petition on the ground that it was filed untimely. Appellant argues that his petition was filed timely pursuant to 42 Pa.C.S.A. § 9545. We agree, and reverse.

The facts of the case are undisputed. Appellant was convicted of various drug offenses on December 7, 1994. On February 7, 1995, he was sentenced to an aggregate term of 15 to 30 years' imprisonment. On September 20, 1995, this court affirmed the judgment of sentence. Appellant's timely petition for *allocatur* from the Pennsylvania

---

1. 42 Pa.C.S.A. § 9541 *et seq.*

Supreme Court was denied on May 15, 1996.[2] On June 2, 1997, appellant filed a PCRA petition in the Court of Common Pleas of Dauphin County.

On June 4, 1997, the PCRA court denied the petition without a hearing, reasoning as follows:

> Owens' PCRA is untimely. A PCRA must be filed within one year after the judgment becomes final. 42 Pa.C.S.A. § 9545(b). A sentence becomes final at the conclusion of direct review by the Pennsylvania Supreme Court. *Id.* Here, the [Pennsylvania] Supreme Court denied Owens' petition for allowance of appeal on May 15, 1996. This PCRA was filed on June 2, 1997. Thus, the PCRA is dismissed.

Trial court opinion, 6/4/97 at 1. This appeal followed.

■ Our review of the denial of PCRA relief is limited to determining whether the record supports the findings of the PCRA court, and whether the court's order is otherwise free of legal error. *Commonwealth v. Yager*, 454 Pa.Super. 428,, 685 A.2d 1000, 1003 (1996) (*en banc*), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997).

■ Appellant argues that the PCRA court erred by miscalculating the time for appellant to file a PCRA petition. Specifically, he argues that the court failed to take into account appellant's time to seek review from the United States Supreme Court. (Appellant's brief at 9.) We agree.

Under 42 Pa.C.S.A. § 9545(b)(1), "Any petition under this subchapter ... shall be filed within one year of the date the judgment becomes final," subject to exceptions which do not apply here. Under § 9545(b)(3), "a judgment becomes final at the conclusion of direct review, *including discretionary review in the Supreme Court of the United States* and the Supreme Court of Pennsylvania, *or at the expiration of time for seeking the review.*" (Emphasis added.) Appellant's petition for *allocatur* was denied on May 15,

1996. United States Supreme Court Rule 13 provides that "[a] petition for writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup.Ct. Rule 13, 28 U.S.C.A. Under this rule, appellant had 90 days (*i.e.*, until August 13, 1996) to file a petition for *certiorari* in the United States Supreme Court with respect to the Pennsylvania supreme court's order. Thus, appellant's judgment became final on August 13, 1996. 42 Pa.C.S.A. § 9545(b)(3). Under 42 Pa.C.S.A. § 9545(b)(1), appellant had one year from this date, until August 13, 1997, to file his PCRA petition. Because appellant's petition was filed on June 2, 1997, it was timely.

■ We reject the Commonwealth's arguments to the contrary. First, it asserts that under the Historical and Statutory Notes to 42 Pa.C.S.A. § 9542, appellant's time to file a PCRA petition expired on January 16, 1997, one year from the effective date of the amended PCRA. This is plainly incorrect. The November 1995 amendments to the PCRA became effective on January 16, 1996. Under the Historical and Statutory Notes to § 9542,

> [T]he amendment of 42 Pa.C.S. §§ 9542, 9543, 9544, 9545 and 9546 shall apply to petitions filed after the effective date of this act; however, a petitioner whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa. C.S. Ch. 95 Subch. B if the petitioner's first petition is filed within one year of the effective date of this act.

Because appellant's judgment became final on August 13, 1996, which is *after* January 16, 1996, amended Section 9545 applies, rather than the "grandfather clause" set forth in

---

**2.** Appellant filed a petition for habeas corpus in federal district court on May 23, 1996. This petition was denied on March 19, 1997. Next, appellant applied for a certificate of probable cause in the Third Circuit Court of Appeals; this application was denied on May 1, 1997. Finally, appellant applied for a certificate of probable cause in the United States Supreme Court; this application was denied on June 10, 1997. We find it unnecessary to discuss the legal effect, if any, of appellant's filing these petitions and applications.

the second provision of the Historical and Statutory Notes.

Next, the Commonwealth suggests that amended section 9545 is ambiguous in that "the Legislature, in drafting the new form of the Act, failed to consider the exhaustion of state remedies." (Commonwealth's brief at 8.) According to the Commonwealth, appellant raised only state constitutional claims in his direct appeal and petition for *allocatur*; he did not challenge his conviction under the federal constitution. Because appellant failed to raise both federal and state constitutional challenges in state court, "appellant should not be granted the ability to extend his request for PCRA relief beyond the one-year period." (*Id.* at 10.)

■■■ To the extent that we understand this argument, we reject it. It may ultimately be the case that appellant's PCRA claims will be found to be waived or previously litigated. However, under the plain language of section 9545, the substance of appellant's PCRA petition is irrelevant to whether it has been timely filed. The sole issue before this court is whether the petition was timely filed, and we find that it was. If, as the Commonwealth argues, "the language of the statute drafted by the Legislature is at odds with both State and Federal common law," [3] the proper recourse is with the Legislature, not with this court.

Because we find that the PCRA court erred by miscalculating appellant's time to file his PCRA petition, we reverse the court's order and remand for a hearing, if necessary, on the merits of the claim.

Reversed and remanded for further proceedings. Jurisdiction relinquished.

---

3.   Commonwealth's brief at 10.