J-S10018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON STEED, | |
| Appellant | No. 1851 EDA 2015 |

Appeal from the PCRA Order Entered June 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0129931-1987

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                     **FILED MARCH 09, 2016**

Appellant, Vernon Steed, appeals *pro se* from the post-conviction court's June 3, 2015 order denying, as untimely, his fifth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing.

On September 8, 1985, when Appellant was 17 years old, he and his co-defendant, Thomas Perrin shot in the direction of a man with whom Perrin had a drug dispute.  The bullets missed their intended target and instead struck an innocent bystander, Serena Gibson, who was standing with her family in the vicinity of the attack.  Appellant and Perrin were tried by a

_____

[*] Retired Senior Judge assigned to the Superior Court.

jury in 1988 and were both convicted of first-degree murder. On December 8, 1988, Appellant was sentenced to a mandatory term of life imprisonment, without the possibility of parole (hereinafter, "LWOP"). This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal on March 20, 1990. **Commonwealth v. Steed**, 569 A.2d 1386 (Pa. Super. 1989) (unpublished memorandum), *appeal denied*, 575 A.2d 112 (Pa. 1990).

Over the next 20 years, Appellant filed four petitions for post-conviction relief, which were all denied. Appellant filed timely appeals from each of those decisions; his first appeal was dismissed by order of this Court for failure to file a brief, and his remaining appeals resulted in our Court's affirming the PCRA court's orders denying Appellant relief. **See Commonwealth v. Steed**, 849 A.2d 610 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 857 A.2d 678 (Pa. 2004); **Commonwealth v. Steed**, 929 A.2d 247 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 934 A.2d 1148 (Pa. 2007); **Commonwealth v. Steed**, 965 A.2d 303 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 969 A.2d 1180 (Pa. 2009).

On July 12, 2010, Appellant filed his fifth *pro se* PCRA petition, which underlies the present appeal. For some unknown reason, the PCRA court did not rule on Appellant's petition. Over two years later, on August 10, 2012, Appellant filed a *pro se*, amended petition, along with a "Motion for Expedited Decision." Therein, Appellant argued that his mandatory LWOP

sentence was illegal under **Miller v. Alabama**, 132 S.Ct. 2455 (2012). Again, the PCRA court took no action on Appellant's amended petition. On December 23, 2013, Appellant filed a second *pro se*, amended petition. It was not until June 11, 2014, nearly *four years* after Appellant filed his initial petition, that the PCRA court finally issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a *pro se* response on July 8, 2014. Another year passed before the PCRA court issued an order and opinion dismissing Appellant's petition. The court offers no explanation in its opinion for the repeated and significant delays in ruling on Appellant's petition.

Appellant filed a timely, *pro se* notice of appeal from the order denying his petition. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court also did not issue a Rule 1925(a) opinion. Herein, Appellant raises one issue for our review: "Whether [] [A]ppellant is entitled to Post Conviction relief as an [*sic*] result of the United States Supreme Court's decision in **Miller** …, which held that the mandatory imposition of sentences of life without the possibility of parole on juvenile offenders convicted of murder is unconstitutional and whether the United States Supreme Court's precedent applies retroactively in [A]ppellant's case[?]" Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v.**

*Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007).  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date on which the judgment of sentence becomes final, unless one of the following exceptions applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on June 18, 1990, at the expiration of the ninety-day time-period for seeking review with the United States Supreme Court after the Pennsylvania Supreme Court rejected his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant's present petition, filed twenty years after his judgment of sentence became final, is patently untimely, and Appellant must prove that he meets one of the exceptions set forth in 42 Pa.C.S. § 9545(b).

Here, Appellant asserts that his mandatory LWOP sentence is illegal under *Miller*. With this claim, Appellant seeks to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). That subsection requires a petitioner to prove that "there is a 'new' constitutional right and that the right 'has been held' by 'that court' to apply retroactively." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002). The *Abdul-Salaam* Court interpreted "the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) [to] mean[] that a retroactivity determination must exist at the time that the petition is filed." *Id.* at 502.

- 5 -

In **Miller**, the High Court clearly established a new constitutional right by holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." **Miller**, 132 S.Ct. at 2469. During the pendency of this appeal, the United States Supreme Court issued **Montgomery v. Louisiana**, 136 S.Ct. 718, 735-36 (2016), holding that **Miller** applies retroactively.

Shortly after **Montgomery** was decided, this Court filed **Commonwealth v. Secreti**, --- A.3d ---, 2016 PA Super 28 (Pa. Super. filed February 9, 2016), which held that **Montgomery** must be interpreted "as making retroactivity under **Miller** effective as of the date of the **Miller** decision" so as to "satisfy the 'has been held' conditional language enunciated in **Abdul–Salaam, supra**." **Secreti**, 2016 PA Super 28, at *5. The **Secreti** panel further declared that,

> we will use the date of the **Montgomery** decision solely to measure the 60–day rule of Section 9545(b)(2) (requiring petitioner asserting timeliness exception to file petition within 60 days of date claim could have been presented)…. In all other respects, **Miller** remains the lodestar for substantive constitutional law on this subject such that the retroactivity determination will be deemed to have existed at the time the pending petitions were filed. Thus, we harmonize the PCRA requirements with **Montgomery, Miller,** and **Abdul–Salaam** and simultaneously achieve the justice this law was designed to promote.

**Id.** (one citation omitted).

In light of **Miller**, **Montgomery**, and **Secreti**, it is clear that the timeliness exception of section 9545(b)(1)(iii) applies to Appellant's case.

- 6 -

Thus, we have jurisdiction to vacate Appellant's now illegal, mandatory LWOP sentence. Accordingly, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with **Montgomery**.

Order reversed. Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2016