J-S07009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEON T. GARLAND, | |
| Appellant | No. 734 EDA 2017 |

Appeal from the PCRA Order Entered February 3, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0907481-1973

BEFORE:  BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 23, 2018**

Appellant, Leon T. Garland, appeals from the post-conviction court's February 3, 2017 order denying, as untimely, his seventh petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 1, 1974, a jury convicted Appellant of first-degree murder and criminal conspiracy, and he was subsequently sentenced to life incarceration, without the possibility of parole.  On December 1, 1977, our Supreme Court affirmed Appellant's judgment of sentence.  ***Commonwealth v. Garland***, 380 A.2d 777 (Pa. 1977).  In the Court's published opinion in ***Garland***, it summarized the facts underlying Appellant's convictions, as follows:

> According to [A]ppellant's confession, in the early evening of August 21, 1973, he was informed that Leroy Skinner, the victim, was standing outside [A]ppellant's home in Philadelphia, flicking a knife.  Appellant and his co-defendant, Tyrone Pearsall, went looking for the victim and found him standing on 24th Street near

> Dickerson Street. The victim ran into a bar. As [A]ppellant and Pearsall entered the bar, [A]ppellant handed a gun to Pearsall, who fired one shot at the victim. As the victim ran out of the bar, both Pearsall and [A]ppellant gave chase. Pearsall continued firing at the victim. Appellant then took the gun and fired one shot. Skinner was subsequently pronounced dead at Graduate Hospital. An autopsy revealed that the cause of death was three gunshot wounds to the trunk.

*Id.* at 778.

After our Supreme Court affirmed Appellant's judgment of sentence in *Garland*, Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court. Therefore, his judgment of sentence became final on March 1, 1978, ninety days after the Court's decision in *Garland*. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

Over the next three decades, Appellant filed six PCRA petitions, all of which were denied. On March 29, 2013, he filed his seventh, *pro se* petition, which underlies the present appeal. Counsel was appointed and, on September 2, 2016, an amended petition was filed. On January 3, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond, and on February 3, 2017, the court issued

an order, and an accompanying opinion, dismissing his petition as being untimely-filed.

Appellant filed a timely notice of appeal. Herein, he presents three questions for our review:

> [I.] Whether the [PCRA] [c]ourt's dismissal of [] Appellant's PCRA [p]etition[] was premature because he had requested discovery be conducted on the issues raised in his [p]etition[] and no opportunity was provided for discovery by the [PCRA] [c]ourt…[?]
>
> [II.] Whether the [PCRA] [c]ourt's dismissal of [] Appellant's PCRA [p]etition[] was premature or improper because Appellant was not given the opportunity to have an evidentiary hearing to present evidence in support of his PCRA [p]etition[], including witnesses and documentary evidence[?]
>
> [III.] Whether the [PCRA] [c]ourt's dismissal of [] Appellant's PCRA [p]etition[] was premature or improper because Appellant had raised three new issues in his PCRA [p]etition and [he] should have been given an opportunity to demonstrate at a hearing that the new information could not have been obtained at the time of trial by reasonable investigation and that it would have changed the outcome of the trial[?]

Appellant's Brief at 5-6.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a

second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, as stated *supra*, Appellant's judgment of sentence became final in 1978, and thus, his current petition, filed in 2013, is facially untimely.  For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set

forth in 42 Pa.C.S. § 9545(b). Appellant contends that he has satisfied the

'newly discovered fact' exception of section 9545(b)(1)(ii). This exception

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Bennett**, 930 A.2d at 1272 (internal quotation marks, citations, and emphasis

omitted).

Appellant argues that he meets the exception of section 9545(b)(1)(ii)

based on "three instances in which there was newly discovered evidence."

Appellant's Brief at 9. Appellant explains these three, allegedly new facts as

follows:

> First, Appellant claimed [in his PCRA petition] that co-defendant, Tyrone Pearsall[,] had submitted an affidavit dated February 28, 2013 and notarized on March 6, 2013, which was attached to the PCRA [p]etition[] and incorporated therein by reference.
>
> In his affidavit, Tyrone Pearsall stated that, "during the time and day of the incident, I left [Appellant] on [the] 24 hundred block of Dickenson Street and the incident happen[ed] on the 23 hundred block of Dickenson Street. I'm the one who had the gun that night which killed Mr. Skinner." He goes on to state that "[Appellant] had nothing to do with the shooting on that day. [Appellant] was on 24th Street where I left him at [*sic*]. The next time I seen [*sic*] [Appellant] we both had been incarcerated." Finally he states that[,] "I made this same statement on the day of my arrest."
>
> Subsequent to his arrest, Tyrone Pearsall had signed a confession which made the same three points as his affidavit. First, that [Appellant] was not present when he shot Mr. Skinner. Second, that Mr. Pearsall was the one with the gun which killed

- 5 -

Mr. Skinner[.] Third, that [Appellant] had nothing to do with the shooting of Mr. Skinner.

The confession of Mr. Pearsall was not admitted at trial and therefore was not heard by the jury. Had the jury been aware that the actual perpetrator of the murder had confessed and told police that he did the act alone, [Appellant] would not have been convicted of murder or conspiracy.

Secondly, Appellant argued in his PCRA [p]etition[] that it has been discovered by [] Appellant that Commonwealth witness, Michael Hill, had been admitted to Pennsylvania Hospital immediately prior to the incident after ingesting a hallucinogenic drug and that on the date of his testimony, his memory and mental faculties were still compromised by the after effects of this drug. In fact, to this day, Mr. Hill has not recovered from the effects of ingesting this drug. He has been mentally disabled since that date.

Had the Commonwealth disclosed the mental impairment of Mr. Hill, it would have given the jury a basis to discredit and disregard his testimony. Mr. Hill's testimony was vital to the prosecution's case against [Appellant]. Mr. Hill testified that [Appellant] handed him the gun after the murder. Had the jury been aware of Mr. Hill's mental disability, [Appellant] would not have been convicted of murder or conspiracy.

Thirdly, Appellant argued that Commonwealth witness, Clarence Barnes, had prior convictions which were not disclosed to the attorney for [Appellant]. The convictions could not have been obtained by the defense with due diligence because they occurred while Mr. Barnes was a minor and his juvenile records were sealed.

Had the Commonwealth disclosed the prior convictions of Mr. Barnes, it would have given the jury a basis to discredit and disregard his testimony. Mr. Barnes' testimony was vital to the prosecution's case against [Appellant]. Mr. Barnes originally gave a statement to police indicating that [Appellant] had given him the gun after the murder. At trial[,] Mr. Barnes testified that [Appellant] told him about the murder. Had the jury been aware of Mr. Barnes' prior convictions, [Appellant] would not have been convicted of murder or conspiracy.

Appellant's Brief at 9-11.

In rejecting that any of these three 'new facts' satisfied a timeliness exception, the PCRA court reasoned as follows:

> Tyrone Pearsall's testimony does not satisfy the "newly discovered fact" exception, as [Appellant] admits in his petition that the same information was provided to police on the day of Pearsall's arrest [] decades ago. Further, the averments contained in [Appellant's] petition related to Clarence Barnes and Michael Hill are devoid of key information. There are no documents supporting the averments, no affidavits, and no information as to how or when [Appellant] learned of this information or why it could not have been discovered earlier with reasonable diligence.

PCRA Court Opinion, 2/3/17, at 2 (unnumbered).

We ascertain no abuse of discretion in the PCRA court's decision. Appellant admits that over 40 years ago, Pearsall signed a written confession containing the same information as set forth in his 2013 affidavit. However, Appellant argues that "***the affidavit*** of [] Pearsall was unknown to" him until recently. Appellant's Brief at 19 (emphasis added). As our Supreme Court has made clear, "a petitioner must allege and prove previously unknown 'facts,' not merely a 'newly discovered or newly willing source for previously known facts.'" ***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) (citations omitted). Because here, Appellant is attempting to meet the exception of section 9545(b)(1)(ii) with only a new source (Pearsall's affidavit) of a previously known fact (that Pearsall claimed Appellant had no involvement in the shooting), his argument does not satisfy the timeliness exception.

Likewise, Appellant's claims based on Hill's mental impairment and Barnes' prior convictions also do not satisfy the 'newly-discovered fact' exception. As the PCRA court points out, Appellant offers no discussion of

- 7 -

when or how he discovered these allegedly new facts. For instance, in regard to Hill's mental condition, Appellant simply states that "[t]he prosecution never disclosed this fact to the defense and [Appellant] did not become aware of this fact until less than 60 days before he filed his PCRA [p]etition." Appellant's Brief at 20. Similarly, in regard to Barnes' juvenile record, Appellant only declares that "[s]ince the record of a juvenile is sealed in Pennsylvania, [Appellant] would have no opportunity to discover this fact with due diligence at the time of trial." *Id.* Because Appellant does not clarify when or how he came upon the information regarding Hill's mental condition, or Barnes' juvenile record, he has failed to demonstrate that he acted with due diligence in discovering and raising these allegedly new facts.

For these reasons, we conclude that the PCRA court did not err in determining that none of Appellant's claims satisfy the timeliness exception of section 9545(b)(1)(ii). Additionally, we ascertain no error or abuse of discretion by the court in not permitting discovery and/or conducting an evidentiary hearing regarding these claims. Appellant did not set forth sufficient information in his petition to demonstrate any issue of material fact warranting a hearing, nor any 'exceptional circumstance' necessitating discovery. *See* Pa.R.Crim.P. 907(1) (stating that the PCRA court may deny a petition without a hearing where "there are no genuine issues concerning any material fact[,] … the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings"); Pa.R.Crim.P. 902(E)(1) ("Except as provided in paragraph (E)(2) [(regarding

the first counseled petition in a death penalty case)], no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances."). Accordingly, we affirm the PCRA court's order denying Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/18