J-S17014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIRK A. BROWN, | |
| Appellant | No. 2184 EDA 2017 |

Appeal from the PCRA Order Entered June 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0712711-2006

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 11, 2018**

Appellant, Kirk A. Brown, appeals *pro se* from the June 21, 2017 order denying, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we are constrained to affirm.

This Court previously summarized the facts of this case on direct appeal, as follows:

> On July 7, 2005, around 5:00 p.m., Donovan Lindsay returned to his home in North Philadelphia and discovered someone had entered his home and removed some clothing and personal effects belonging to [Appellant]. Around 5:45 p.m., Lindsay drove to a West Philadelphia neighborhood and parked and left his car in the middle of the street, engine still running. He walked over to a fence separating the sidewalk and the rear yard of a residence at 216 S. 49th Street where [Appellant] and several others were sitting. For several moments, and just a few feet apart, [Appellant] and Lindsay argued over the fence. When [Appellant] pulled a semiautomatic handgun from his belt,

Lindsay, who was unarmed, turned and ran off past his car[,] and across and down the street. [Appellant] fired off five rounds while moving onto the sidewalk, hitting Lindsay in the back with two rounds that pierced his heart, liver, lung and kidney and caused his death at the scene.

*Commonwealth v. Brown*, No. 534 EDA 2008, unpublished memorandum at 3-4 (Pa. Super. filed April 3, 2009) (citations to the record and footnotes omitted).

After the shooting, Appellant was arrested and charged with various offenses, including murder. He proceeded to a non-jury trial in December of 2007, at the close of which he was convicted of first-degree murder, possessing an instrument of crime, and carrying a firearm without a license. On February 7, 2008, Appellant was sentenced to an aggregate term of life incarceration, without the possibility of parole. This Court affirmed his judgment of sentence on direct appeal. *See Brown, supra*. Our Supreme Court denied Appellant's subsequent petition for allowance of appeal on September 9, 2009. *See Commonwealth v. Brown*, 980 A.2d 604 (Pa. 2009).

On February 1, 2010, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed who subsequently filed multiple amended petitions. The PCRA court denied relief on October 21, 2011. On December 18, 2012, the Superior Court affirmed the PCRA court's denial of post-conviction relief.[4] On July 25, 2013, our Supreme Court denied [Appellant's] request for allowance of appeal.[5]

[4] *Commonwealth v. Brown*, 64 A.3d 25 (Pa. Super. 2012) (unpublished memorandum).

[5] *Commonwealth v. Brown*, 70 A.3d 808 (Pa. 2013).

- 2 -

On July 6, 2015, [Appellant] filed the instant *pro se* PCRA petition, his second. Pursuant to [Pa.R.Crim.P.] 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on March 22, 2017. [Appellant] submitted a response to the Rule 907 notice on April 7, 2017. On June 21, 2017, the PCRA court dismissed his PCRA petition as untimely. On June 29, 2017, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion (PCO), 8/17/17, at 1-2.

Appellant filed a Pa.R.A.P. 1925(b) statement on August 28, 2017, despite not being ordered to do so by the PCRA court, which had already filed an opinion addressing the issues presented in Appellant's petition. On appeal, Appellant raises three claims for our review:

1. The PCRA court abused its discussion [*sic*] by ruling that [Appellant's] PCRA petition was untimely. This ruling is legal error and not supported by the record.

2. [The] PCRA court erred by dismissing the petition without a hearing on the merits.

3. [The] PCRA court erred by denying [Appellant's] motion to amend as it was defective pursuant to Pa.R.Crim.P. 902[.]

Appellant's Brief at iii (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a

second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on December 8, 2009, at the conclusion of the 90-day time-period for seeking review by the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***,

718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant's present petition filed on July 6, 2015, is patently untimely, and for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on an affidavit from Rick Hughes, a man who claims that he was present at the scene of the shooting and would testify that Appellant was not the shooter. More specifically, in the affidavit, Hughes states:

> On July 7th, 2005, which I think was Thursday, I was walking down the 4900 block of Chancellor Street in Philadelphia, Pennsylvania. I passed [Appellant] and an unknown woman at the top of the block. Then a guy that was driving a green Chrysler kept blowing his horn and driving in a reckless manner. This guy stopped his green Chrysler in the middle of the street. He was acting crazy. He exited out of his car, leaving his car right there in the middle of the street. He walked to the fenced area and started yelling, very loud[ly], at the other guy in the fenced area. These two guys were almost face to face at the fence, yelling at each other, and I was watching all of this, when the guy inside the fence who had dreads, pulled out a gun and started shooting at the male who was outside the fence and whose green Chrysler was parked in the middle of the street. I heard four maybe five or six shots. The shooter then walked into the first floor apartment. I ran from the scene. I saw the shooting, and I saw the man with the dreads shoot the guy who got out of the green Chrysler. The shooter was

not Kirk Brown. That I am certain of. I am willing to be interviewed or to testify in regard to this.

**See** Appellant's PCRA Petition, 7/6/15, at "Exhibit A."

Hughes's affidavit is dated June 1, 2015, and Appellant filed his PCRA petition on July 6, 2015, thus meeting the 60-day requirement of section 9545(b)(2). The PCRA court, however, concluded that Appellant could not rely on Hughes's affidavit to meet the timeliness exception of section 9545(b)(1)(ii), as Appellant "failed … to demonstrate that Hughes or a comparable witness was previously undiscoverable with the exercise of due diligence." PCO at 3. The court explained:

> In his affidavit, Hughes stated that prior to the shooting, he walked right by [Appellant] and an unknown woman on the 4900 block of Chancellor Street where the shooting occurred. Thus, according to Hughes, there were at least two potentially favorable witnesses in close proximity to [Appellant]. [Appellant's] purported unfamiliarity with Hughes did not relieve him of his burden to diligently search for witnesses or explain why such efforts would have been unsuccessful.[7] [Appellant's] vague assertion that he has been diligently trying to prove his innocence did not meaningfully address his specific burden to attempt to ascertain the identity of Hughes or similar witnesses. Given this glaring deficiency, [Appellant] failed to properly plead and prove subsection 9545(b)(1)(ii).
>
> > [7] For example, in [**Commonwealth v.**] **Davis**, [86 A.3d 883 (Pa. Super. 2014),] the Superior Court found that the petitioner demonstrated due diligence in part by proffering affidavits from several friends and family members who claimed that they attempted, albeit unsuccessfully, to locate a witness.

**Id.** at 3-4.

We disagree with the PCRA court's conclusion that Appellant failed to plead and prove due diligence. Appellant asserted in his petition, and

reiterates on appeal, that he did not know Hughes until they met in prison, and he had no way of knowing that Hughes had information concerning the shooting.[1]  **See** PCRA Petition, 7/6/15, at 1.  Moreover, while Hughes stated in his affidavit that **he saw** Appellant and the 'unidentified woman,' Hughes did not assert that **Appellant saw** him or the woman, so as to establish that Appellant was even aware that these two witnesses were at the scene.  Thus, as Appellant stresses, the fact that Hughes claims to have seen Appellant does not mean that "Appellant even saw, or recognize[d]" Hughes at the scene of the shooting.  Appellant's Brief at 6.

Additionally, we deem the PCRA court's reliance on **Davis** misplaced. There, we held that Davis exercised due diligence in obtaining a recantation affidavit from a witness, **who had testified at Davis's trial**, because Davis had attached to his PCRA petition "affidavits from several friends and family members who claimed that they attempted to locate [the witness] after [Davis's] trial in order to convince [the witness] to admit that he lied on the stand." **Davis**, 86 A.3d at 891.  Here, unlike in **Davis**, Appellant asserted in his petition that he did not know Hughes, or have any reason to believe that Hughes had information about the shooting, until the two men met while incarcerated.  Thus, we disagree with the PCRA court that Appellant was

---

[1] We recognize that Hughes stated in his affidavit that he knew Appellant "prior to coming to prison."  **See** PCRA Petition at "Exhibit A."  However, Hughes did not claim that he knew Appellant at the time of the shooting and, even if he did, that does not necessarily demonstrate that Appellant knew Hughes.

- 7 -

required to present affidavits from friends and family stating that they searched for Hughes and the unidentified woman.[2]

In light of these circumstances, we conclude that the PCRA court erred by finding that Appellant did not act with due diligence in discovering Hughes's affidavit. Because Appellant has also demonstrated that the information contained in Hughes's affidavit was not previously known by him, and that he filed his petition within 60 days of obtaining that information, Appellant has satisfied the timeliness exception of section 9545(b)(1)(ii).

Nevertheless, we are compelled to affirm the PCRA court's order denying Appellant's petition. At the conclusion of the court's Rule 1925(a) opinion, it explained that, even if Appellant had met a timeliness exception, he would not be entitled to post-conviction relief. *See* PCO at 4 n.8. The court reasoned that,

> [t]he Commonwealth presented numerous witnesses including two eye-witnesses who identified [Appellant] as the shooter. The Commonwealth also introduced corroborating medical evidence. The Superior Court characterized the Commonwealth's evidence

_____

[2] Moreover, we strongly reject the Commonwealth's argument that Hughes's affidavit constitutes a new source of a previously known fact, because Appellant always claimed that he was not the shooter. If we accepted the Commonwealth's position, it would mean that any defendant who claimed innocence at trial could never meet a PCRA timeliness exception with new evidence that could *prove* his/her innocence, as such evidence would always be deemed a new source of the previously known fact of his/her innocence. Additionally, the 'new fact' asserted by Appellant is not simply that he is innocent; it is that he has discovered a specific witness to the murder who could testify that he was not the shooter. Because Appellant did not previously know about Hughes or the information he possessed, Hughes's affidavit is not a new source of a previously known fact.

as overwhelming. … **Brown**, [No. 534 EDA 2008,] unpublished memorandum at 8. [Appellant] therefore failed to demonstrate that the outcome of the trial would have changed based upon Hughes'[s] purported observations. **See** 42 Pa.[C.S.] § 9543(a)(2)(vi) [("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence … [t]hat the conviction or sentence resulted from … [t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.")].

*Id.*

We recognize that the merit of an underlying after-discovered evidence claim is not at issue when determining whether a PCRA petition is timely. **See Commonwealth v. Frey**, 41 A.3d 605, 611 (Pa. Super. 2012). However, it would be a waste of judicial resources to remand Appellant's case for an evidentiary hearing where it is clear that the PCRA court has determined that Hughes's proposed testimony would not have changed the outcome of Appellant's trial, and the record supports that determination. Notably, this Court previously explained that at trial,

[t]he Commonwealth produced two witnesses, Phillip Williams (a/k/a "King Moses," "Moses" and Kevin Warrington) and Sandra Claton, who testified they saw [Appellant] shoot at Lindsay. Williams, a friend of both [Appellant] and Lindsay, was one of the persons with [Appellant] in the back yard and witnessed the entire shooting. He saw [Appellant] walk over to the fence by the sidewalk where Lindsay stood, pull his semiautomatic pistol, and, as Lindsay fled across and down the street, [Appellant] walked out to the sidewalk and continued firing. When Lindsay fell to the ground at the nearby street intersection, [Appellant] placed his handgun back in his waistband and left the area.

Claton lived across the street with a good view of the back yard and Lindsay's arrival. She saw Lindsay leave his car in the middle of the street and walk over to the fence. She watched

[Appellant] pull out his handgun and fire one time at Lindsay. She then retreated inside her house and called 9-1-1.

**Brown**, No. 534 EDA 2008, unpublished memorandum at 5-6 (citations to the record omitted).

Given the eyewitness identifications by Williams and Claton, we ascertain no abuse of discretion in the PCRA court's conclusion that Hughes's testimony would not likely result in a different verdict if a new trial were granted. Accordingly, we are compelled to affirm the order of the PCRA court dismissing Appellant's petition.

Order affirmed.

Judge Lazarus joins this memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/18