J-S02010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAEED CLARK | : | |
| | : | |
| Appellant | : | No. 860 EDA 2020 |

Appeal from the PCRA Order Entered March 2, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010335-2007

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    Filed: March 25, 2021

Appellant, Saeed Clark, appeals from the post-conviction court's March 2, 2020 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that he has discovered new evidence that warrants an evidentiary hearing.  After careful review, we affirm.

The PCRA court summarized the facts and procedural history of Appellant's case, as follows:

> On May 21, 2009, a jury found Appellant guilty of murder in the first degree, criminal conspiracy, and possession of an instrument of crime (PIC).  He was sentenced on July 6, 2009, to life imprisonment on the murder charge, and concurrent sentences for criminal conspiracy and PIC.  The Superior Court affirmed the judgment of sentence on June 15, 2011[, and our Supreme Court denied Appellant's subsequent petition for permission to appeal on November 30, 2011].[1]  Appellant filed a *pro se* [PCRA] petition on May 19, 2014[, and counsel was appointed].  The docket reflects that, at a status hearing on July 14, 2017, the matter was

continued for further defense filings. The counseled amended petition under consideration was filed on May 7, 2018. It was dismissed on March 2, 2020, and Appellant filed a notice of appeal on March 2, 2020.

> [1] [**Commonwealth v. Clark**, 31 A.3d 745 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 32 A.3d 706 (Pa. 2011)].

The death giving rise to Appellant's conviction[s] was that of Larry Rouse (Rouse), who, on April 2, 2005, was walking on the street and was shot in the back by someone in a van. It is undisputed that the driver of the van was Paul Miles and that Appellant was in the passenger seat. Between the seats was an AK47 rifle.

\*\*\*

Briefly stated, when Appellant learned that Ricky Smith, a teenager, had just suffered a beating by [Rouse], … Appellant enlisted the assistance of Paul Miles, asking Miles to bring an assault weapon. Miles arrived in a van and … Appellant got into the passenger side. The two men then searched for and found Rouse, who was on foot. Miles testified [that] … Appellant took the weapon that Miles had brought, leaned across the seat in front of Miles, pointed the gun out the driver's window, and discharged three bullets, one of which struck and killed Rouse. Sheldon Matthews, who was walking with Rouse, was uninjured. He testified that there was no one else on the street.

PCRA Court Opinion (PCO), 9/2/20, at 1-2.

After Appellant filed a timely appeal from the PCRA court's order dismissing his petition without a hearing, the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied, and the court filed its Rule 1925(a) opinion on September 2, 2020. Herein, Appellant states one issue for our review:

> 1. Did the PCRA court err in dismissing Appellant's PCRA [p]etition without a hearing because Appellant presented and articulated newly-discovered evidence in his PCRA [p]etition relating to a witness, Theresa Nixon, which was timely per Appellant's

averments[,] and this evidence would have led to a different outcome at trial?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's judgment of sentence became final on February 28, 2012, at the conclusion of the time for filing a petition for *writ of certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant's *pro se* petition filed on May 7, 2014, more than two years after his judgment of sentence became final, is facially untimely. For this Court to have jurisdiction to review the merits thereof,

_____

[1] An amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017.

Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b)(1).

Appellant claims that he meets the newly-discovered fact exception of section 9545(b)(1)(ii). He explains that he obtained an affidavit from an eyewitness to the shooting, Theresa Nixon, in which Nixon states "that it was the 'driver of the van that stuck his arm out the window and fired a weapon at two (2) people who were standing on the corner.'" Appellant's Brief at 12 (quoting Amended Petition, 5/6/18, at Exhibit A). Appellant states that he "did not know of this witness previously and the prospective testimony tends to exonerate Appellant[,]" as he was undisputedly the passenger in the van, not the driver. *Id.* He insists that the timeliness, and merits, of his newly-discovered-fact claim "cannot realistically be determined absent an evidentiary hearing." *Id.* at 14.

The PCRA court concluded that Appellant did not plead sufficient facts to demonstrate the applicability of section 9545(b)(1)(ii), or that a hearing is warranted. It explained:

> The petition contains not one allegation or even hint that Nixon's information was unknown to … Appellant. And[,] if unknown, it offers not one statement about why, or if, he could have learned about it sooner.[2] [***Commonwealth v.***] ***Marshall***, 947 A.2d [714,] 720 [(Pa. 2008)]. Appellant cannot overcome this fatal omission with the argument that an unsupported claim of timeliness under [s]ubsection [9545(b)(1)](ii), standing alone, compels an evidentiary hearing to address what is lacking in the petition. As in this case, a hearing is not required where the petition fails to raise any issues of material fact. ***Com[monwealth] v. Santiago***, … 855 A.2d 682 ([Pa.] 2004); Pa.R.Crim.P. 908(A)(2)[]. Indeed, having found the petition is

- 5 -

devoid of any allegations establishing the timeliness exception applies, the court was without authority to proceed further. ***Marshall***, [947 A.2d at 723].

> [2] Also, any petition asserting the newly[-]discovered fact[] exception must be filed within sixty days of the date the claim could have been raised. 42 Pa.[C.S.] § 9545(b)(2) [(prior version)]. There is nothing in the petition that affords the court a means to determine if this rule is satisfied.

PCO at 4-5 (one footnote omitted).

We discern no abuse of discretion or legal error in the court's decision. In his brief to this Court, Appellant provides no explanation of how he obtained Nixon's affidavit, or why he could not have done so sooner with the exercise of due diligence. We recognize that, in his *pro se* petition, Appellant stated that, "[d]uring a phone conversation with his mother, [he] became aware of an eyewitness to the crime he was convicted of. Shortly thereafter[,] on March 23, 2014, [Appellant] received a notorized[,] sworn affidavit from said witness." *Pro Se* PCRA Petition, 5/19/14, at 4 (unnecessary capitalization omitted). However, Appellant did not provide a date on which his mother first informed him about Nixon, or explain why he (or his mother) could not have discovered her allegedly exculpatory information earlier.

Moreover, in his amended PCRA petition, Appellant stated only that he "has been informed of available eyewitness testimony that exonerates [him,]" and baldly claimed that he "did not know of [] Nixon's averments prior to her executing an Affidavit." Amended Petition, 5/7/18, at 4, 7. Appellant's claim that he did not know about Nixon's exculpatory information until she executed

- 6 -

the affidavit belies his earlier, *pro se* assertion that he first discovered Nixon's information from his mother 'shortly before' Nixon provided the affidavit.

In sum, Appellant failed to plead sufficient facts to demonstrate that he met the 60-day requirement of section 9545(b)(2), or that he acted with due diligence in discovering and presenting his newly-discovered fact claim premised on Nixon's purportedly exculpatory, eyewitness testimony. Accordingly, Appellant has failed to convince us that the PCRA court erred by denying his untimely petition without a hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/25/21