J-S42043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEX MARTIN PETTIS | : | |
| | : | |
| Appellant | : | No. 645 MDA 2024 |

Appeal from the PCRA Order Entered March 26, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003851-2014

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: DECEMBER 3, 2024**

Appellant, Alex Martin Pettis, appeals *pro se* from the post-conviction court's March 26, 2024 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to our disposition of this appeal.  We need only note that on December 11, 2015, a jury convicted Appellant of robbery, simple assault, recklessly endangering another person, and possessing instruments of crime.[1]  On February 16, 2016, the trial court sentenced Appellant to an aggregate term of 7 to 20 years' incarceration.  Appellant did not file a timely appeal.  However, his appeal rights were subsequently reinstated, and he appealed from his judgment of

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2701(a)(3), 2705, and 907(a), respectively.

sentence *nunc pro tunc*. After this Court affirmed Appellant's judgment of sentence on April 25, 2017, our Supreme Court denied his petition for allowance of appeal on January 3, 2018. **See Commonwealth v. Pettis**, 169 A.3d 1206 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 177 A.3d 829 (Pa. 2018).

On March 7, 2018, Appellant filed a timely, *pro se* PCRA petition.[2] Therein, he averred, *inter alia*, that his trial counsel had been ineffective "for failing to obtain the services of an expert in video forensics…." Appellant's Brief at 16 (unnumbered). Appellant argued that such an expert would have been able to enhance a video, which was presented by the Commonwealth to the jury at trial, purporting to depict Appellant approaching the victim and pointing a firearm at him. Appellant claimed that an enhancement of the video would have shown that he never pointed a gun, or any type of weapon, during the brief conversation that he had with the victim. **See id.** (unnumbered). Thus, he insisted his counsel was ineffective for failing to secure an expert to enhance the video.

On March 10, 2020, the PCRA court dismissed Appellant's first PCRA petition without a hearing. He filed a timely notice of appeal, but on December 24, 2020, this Court dismissed his appeal because Appellant failed to file a

---

[2] As the PCRA court explained in its Pa.R.Crim.P. 907 notice, Appellant indicated in his *pro se* petition that he wished to represent himself. **See** Rule 907 Notice, 2/9/24, at 2. After the court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), at which Appellant reiterated his desire to proceed *pro se*, the PCRA court granted his request to do so and did not appoint counsel.

brief. *See Commonwealth v. Pettis*, No. 627 MDA 2020 (Pa. Super. Dec. 24, 2021).

On January 22, 2024, Appellant filed a second *pro se* PCRA petition, which underlies the instant appeal.[3]  On February 9, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  Specifically, the court found that Appellant's petition was untimely, and he had failed to meet any of the timeliness exceptions, discussed *infra*.  Appellant filed a timely, *pro se* response, but on March 26, 2024, the court issued an order dismissing his petition.

Appellant filed a timely notice of appeal.  The PCRA court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court subsequently issued a "Memorandum Statement in Lieu of Opinion" indicating that it was relying on the reasons set forth in its Rule 907 notice to support its dismissal of Appellant's petition.  Herein, Appellant states one issue for our review:

> Did the PCRA [c]ourt err when it failed to hold a hearing and grant relief on the claim of the Commonwealth eliciting false testimony

---

[3] The PCRA court noted that Appellant requested that it appoint counsel to represent him in litigating this petition.  *See* Rule 907 Notice at 2.  However, the court concluded that, because this is Appellant's second petition, and the court was "satisfied that an evidentiary hearing is not required, [Appellant] is not entitled to the appointment of counsel…." *Id.* (citing *Commonwealth v. Privolos*, 746 A.2d 621, 624 (Pa. Super. 2000) (finding that, although a first-time PCRA petitioner is entitled to counsel, there is no such entitlement on a second or subsequent petition); Pa.R.Crim.P. 904(D) (stating that a petitioner is entitled to counsel on a second or subsequent petition if an evidentiary hearing is required)).  We discern no error in the court's decision not to appoint counsel.

from [the] alleged victim … and Det[ective] Gartland when they testified that there was a gun in [Appellant's] hand during the alleged robbery[,] thereby committing prosecutorial misconduct?

Appellant's Brief at 7 (unnumbered).

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on April 3, 2018, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant had until April 3, 2019, to file a timely petition, making his instant petition filed in January of 2024 patently untimely. Appellant must prove he meets a timeliness exception to invoke this Court's jurisdiction to review his underlying claims.

In this regard, Appellant first asserts that he has satisfied the governmental-interference exception of section 9545(b)(1)(i). According to Appellant, in his initial PCRA petition, he "asked the PCRA [c]ourt for funds for the purposes of retaining an expert in video forensics for the purpose of raising

the ineffectiveness of trial counsel…." Appellant's Brief at 12 (unnumbered). Appellant insists that the court was required to provide him funds for his expert under 50 [P.S.] § 7402(f).[4]  However, he claims that the court failed to "even rule on the [m]otion" for funds to retain an expert, thereby effectively denying it.  *Id.*  Appellant concludes that the court's erroneous decision to deny him the requisite funds to hire a forensic video expert constituted governmental interference with his presentation of an ineffectiveness claim in his first PCRA petition.

Alternatively, Appellant contends that he has satisfied the newly-discovered-fact exception of section 9545(b)(1)(ii).  Specifically, he claims that he has now obtained an enhanced version of the video of the robbery and "it is plainly clear that Appellant never had a firearm in his right hand." *Id.* at 16 (unnumbered).  Appellant insists that this enhanced video not only constitutes a new fact that meets the timeliness exception, but it proves that

_____

[4] That statute states:

> **(f) Experts.--**The court may allow a psychiatrist or licensed psychologist retained by the defendant and a psychiatrist or licensed psychologist retained by the Commonwealth to witness and participate in the examination.  Whenever a defendant who is financially unable to retain such expert has a substantial objection to the conclusions reached by the court-appointed psychiatrist or licensed psychologist, the court shall allow reasonable compensation for the employment of a psychiatrist or licensed psychologist of his selection, which amount shall be chargeable against the mental health and mental retardation program of the locality.

50 P.S. § 7402(f).

the Commonwealth knowingly allowed false testimony by its witnesses who claimed that Appellant had a gun.

In assessing Appellant's claims, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned Rule 907 notice authored by the Honorable Scott Arthur Evans of the Court of Common Pleas of Dauphin County. We conclude that Judge Evans' comprehensive discussion accurately disposes of the arguments presented by Appellant.[5] Accordingly, we adopt Judge Evans' assessment in his Rule 907 notice as our own, and conclude that Appellant has failed to satisfy any timeliness exception for the reasons set forth therein. Thus, we affirm the court's order dismissing Appellant's untimely PCRA petition.

_____

[5] We add only one comment to Judge Evans' assessment of Appellant's governmental-interference claim. Judge Evans stated that he reviewed the entire record and could not locate "any actual motion seeking funds to hire a video forensics expert," nor "any request[] for such funds in any of [Appellant's] correspondence" filed in relation to his first PCRA petition. Rule 907 Notice at 4-5. Accordingly, Judge Evans invited Appellant to "direct us to that motion in response to this [Rule 907 n]otice." *Id.* at 5. However, in Appellant's response to Judge Evans' Rule 907 notice, he did not point to where in the record he sought funds to hire a video forensics expert, and he also does not do so on appeal. Thus, the record supports Judge Evans' conclusion that Appellant failed to demonstrate "that he suffered from governmental interference." *Id.*

Order affirmed.

Judgment Entered.

![signature](Benjamin D. Kohler)

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/03/2024