J-S15009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| JEVON A. EVERETT | : | |
| Appellant | : | No. 1103 WDA 2019 |

Appeal from the PCRA Order Entered July 16, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012952-2006

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 15, 2020**

Appellant, Jevon A. Everett, appeals *pro se* from the post-conviction court's July 16, 2019 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's conviction are not pertinent to his present appeal.  We only briefly summarize the procedural history of his case, as follows.  In 2008, Appellant was convicted by a jury of first-degree murder. He was sentenced on December 11, 2008, to a term of life imprisonment without the possibility of parole.  He filed a timely direct appeal, and after we affirmed, our Supreme Court denied Appellant's petition for permission to appeal.  ***Commonwealth v. Everett***, 26 A.3d 1202 (Pa. Super. Mar. 24, 2011), *appeal denied*, 32 A.3d 1275 (Pa. Oct. 31, 2011).

---

* Former Justice specially assigned to the Superior Court.

Appellant thereafter filed a timely, *pro se* PCRA petition, and counsel was appointed. Ultimately, that petition was denied, and this Court affirmed on appeal. ***Commonwealth v. Everett***, No. 35 WDA 2014, unpublished memorandum (Pa. Super. Feb. 10, 2015). Appellant did not file a petition for permission to appeal to our Supreme Court.

On February 11, 2019, Appellant filed the *pro se* PCRA petition underlying the present appeal. On May 14, 2019, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. He filed a *pro se* response, but on July 16, 2019, the court issued an order dismissing his petition as being untimely filed.

Appellant filed a timely, *pro se* notice of appeal, and he complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on October 28, 2019. Herein, Appellant raises six issues for our review, which we reproduce *verbatim*:

> (1) Whether there was insufficient evidence to support the evidence on the basis that the evidence was insufficient to show Defendant committed the crime?
>
> (2) Whether ineffective assistance of counsel occurred when District Attorney to the courtroom, to stand directly behind the defense table where Defendant sat and watched in shock and awe! Defense Counsel failed to call a mistrial. Judge watched as jury was detained from outside the courtroom as children were escorted from courtroom, crying in front of jury.
>
> (3) Whether Defendant's conviction was based of evidence known to be false and failed to correct false testimony that the key witness (coconspirator) had received no promises of

nonprosecution in exchange for his testimony, as well as other false statements?

(4) WHETHER COUNSEL WAS INEFFECTIVE IN SEEKING EXPERT HELP ASSESSING JAIL-HOUSE INFORMANTS AND INCENTIVE WITNESSES. Informants are highly motivated to lie. But jurors don't always have the information or skills to discern the truth?

(5) Whether Defendant made out a prima facie case of juror tampering, juror bias and denied a hearing, voir dire or opportunity to prove actual bias and other outside issues effecting trial. The bias of a single juror is enough to violate the Sixth Amendment? The outside influences on (Travon Wheeler) Juror #12 raises a presumption of prejudice that imposes a heavy burden on the State to overcome by showing that influences were harmless, as counsel rendered ineffective counsel, failure to raise issue of voir dire?

(6) Whether counsel has a duty to fully inform client of the risks of not accepting a plea offer of 10 to 20 years or face life imprison if found guilty. Counsel's advice must be a reasonable assessment of the facts and law, but for bad advice, bald assertions and naked declarations that trial would end in hung jury as in first trial. Defendant would not have risk going to trial on such bad advice, alternatively risking his life?

Appellant's Brief at 5.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA,

any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, as we discuss *infra*, at the time Appellant's claim arose in this case, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

_____

[1] An amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one

Here, Appellant's judgment of sentence became final on January 31, 2012, ninety days after our Supreme Court denied his petition for permission to appeal from his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant's present petition, filed in 2019, is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Our review of whether Appellant has pled and proven a timeliness exception in this case has been impeded by the nearly incomprehensible nature of his lengthy, *pro se* brief. From what we can discern, Appellant's only claim relating to a timeliness exception is that he has obtained new evidence in the form of an affidavit by one of the Commonwealth's witnesses in this case, Taj McBride. According to Appellant, in the affidavit, McBride states that

---

year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017.

"detectives threatened and intimidated [] [him] into incriminating [Appellant] in this case." Appellant's Brief at 64.

Notably, Appellant admits that he received McBride's affidavit in November of 2017. *Id.* This fact makes his petition filed in February of 2019 untimely under the 60-day requirement of section 9545(b)(2) that was in effect when Appellant's claim arose. Nevertheless, Appellant seems to argue that his petition is timely because he filed it within 60 days of the denial of a petition for writ of *habeas corpus* that Appellant filed in federal court, which was also based on McBride's affidavit. **See id.** Unfortunately for Appellant, the fact that he had litigation pending in federal court did not preclude him from filing his state post-conviction petition, nor toll the 60-day filing deadline. **See Commonwealth v. Fahy**, 737 A.2d 214, 222, 223 (Pa. 1999) (holding "that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by [section] 9545(b)(1)(i)-(iii)[,]" and "[t]o allow tolling of the PCRA's time limitations where a writ for federal *habeas* relief has been filed would undermine the federal policy of initial state review, and in fact, would encourage initial review in the federal system").

Accordingly, because Appellant obtained McBride's affidavit in November of 2017, his petition filed over one year later is untimely under section 9545(b)(2). Because neither this claim, nor any other issue Appellant states herein, meets a timeliness exception, the PCRA court did not err in denying Appellant's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2020