J-S32025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES STEPHEN PAVLICHKO :
:
Appellant : No. 324 MDA 2022

Appeal from the PCRA Order Entered January 25, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000802-1996

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: NOVEMBER 18, 2022**

Appellant, James Stephen Pavlichko, appeals *pro se* from the post-conviction court's January 25, 2022 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his present appeal. We only briefly note that "[i]n order to avoid the death penalty, Appellant pled guilty[, in July of 1997,] to criminal homicide generally, aggravated assault, and conspiracy in connection with the brutal beating death of Dale Nelson." **Commonwealth v. Pavlichko**, No. 1522 MDA 2018, unpublished memorandum at *1 (Pa. Super. filed April 17, 2019) (affirming the denial of Appellant's fifth PCRA petition). "Appellant proceeded in 1997 to a degree-of-guilt hearing along with co-defendant Daniel Petrichko." *Id.* Ultimately, "[t]he trial court found both Appellant and

Petrichko guilty of first-degree murder" and it "sentenced Appellant to life imprisonment, followed by fifteen to forty years of imprisonment." *Id.* "This Court affirmed Appellant's judgment of sentence on direct appeal[,]" and our Supreme Court denied his subsequent petition for allowance of appeal. *Id.* at *2 (citing *Commonwealth v. Pavlichko*, 724 A.2d 959 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 734 A.2d 393 (Pa. 1998)).

Over the following two decades, Appellant litigated five unsuccessful PCRA petitions. On August 27, 2021, he filed a *pro se* "Writ of *Habeas Corpus Ad Subjiciendum*," which underlies the present appeal. The PCRA court treated Appellant's writ of *habeas corpus* as his sixth PCRA petition. On November 8, 2021, Appellant filed an amended, *pro se* petition. The PCRA court aptly summarized the claims raised in Appellant's initial and amended petitions, as follows:

> [Appellant] contends that he is entitled to relief because[,] prior to his entering a general plea to homicide on July 16, 1997, the Commonwealth had offered him a plea deal to third[-]degree murder[,] which was contingent upon his providing information to police to assist them in another murder investigation. [Appellant] claims that he provided the requested information to police in 1996 but that thereafter the District Attorney's Office did not comply with the plea deal; [Appellant]'s attorneys did not properly represent [Appellant] so [as] to enforce the deal[;] and, [Appellant]'s subsequent plea of guilty to homicide generally was unlawfully induced as a result of his reliance on the plea deal[,] which was not mentioned by anyone to the judge. Following a degree of guilt hearing, [Appellant] was found guilty of first[-]degree murder and sentenced to life in prison.
>
> In his amended petition filed on November 8, 2021[, Appellant] additionally [avers] that his current claim is timely because his parents had consulted with Attorney Gordon — who became

- 2 -

[Appellant's] trial counsel — to inquire about the lawyer's representing [Appellant] in the murder case; that the attorney entered into a written agreement[1] for a fee of $ 30,000.00 based upon [Appellant's] pleading to third[-]degree murder; that a written copy of the fee agreement was in possession of [Appellant's] parents; and, that it was only recently located by [Appellant's] brother[,] who found it among [Appellant's] now[-]deceased parents' effects. [Appellant] further contends that he previously had tried to obtain a copy of the fee agreement from his attorney, and that the latter has since died.

> [1] The alleged agreement[,] dated September 17, 1996[,] states, in part, "$30,000.00 for attorney fees, third[-]degree murder negotiated guilty plea with prosecution and sentencing. $15,000.00 upon signing this agreement, balance due four (4) weeks later."

PCRA Court Opinion (PCO), 1/25/22, at 2.

After the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, it entered a final order on January 25, 2022, dismissing his petition. Appellant filed a timely, *pro se* notice of appeal, as well as a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he states one issue for our review: "The PCRA court abused its discretion in denying an evidentiary hearing noting[,] among other reasons[,] that the newly[-]discovered evidence did not fall within the exceptions pursuant to 42 Pa.C.S.[] § 9545(b)(1) [and], therefore[,] the court lacked jurisdiction to rule on the merits of the issues raised in Appellant's amended PCRA petition." Appellant's Brief at 1 (unnecessary capitalization and quotation marks omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one

year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 1999, after the expiration of the time for him to file a petition for writ of *certioriari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant's present petition, filed in 2021, is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant fails to meet this burden. First, Appellant argues that he has satisfied the new-fact exception of section 9545(b)(1)(ii). Specifically, he contends that on February 12, 1997, he entered into a plea agreement with the Assistant District Attorney (ADA), by which the ADA agreed to permit him to plead guilty to third-degree murder if he provided information leading to the arrest and conviction of a man named Harry Harley in an unrelated case. Appellant's Brief at 3-4. According to Appellant, he

provided the requested information to the ADA, but he was never notified if that information led to Harley's arrest and conviction. He insists that he

> exercised due diligence[,] as he sought for years from [his trial counsel] and [the] ADA … to know if the information/names he provided led to the arrest of Harley[,] but his inquiries went unanswered. Without [the] ADA['s] … providing this evidence, Appellant could only surmise the information/names he provided did not led [*sic*] to the arrest of Harley.

***Id.***

Appellant further claims that, "[i]n August [of] 2021, [he] returned to his [prison] cell … and found a note on … [the] floor threatening his life for the names he provided … to the State Police and [the] ADA…[,] which led to the arrest and conviction of Harry Harley…." ***Id.*** (footnote omitted). He avers that this note was the first time he learned the 'new fact' that the information he had provided to the ADA had actually led to Harley's arrest and conviction. Thus, Appellant contends that his discovery of this 'new fact' proves that he was entitled to the agreed-upon plea deal to third-degree murder. ***Id.*** He maintains that the ADA violated ***Brady v. Maryland***, 373 US 83 (1963), by withholding this exculpatory information from Appellant to avoid honoring the plea agreement. ***Id.*** Appellant contends that he filed his present PCRA petition raising this claim on August 27, 2021, thereby meeting the timeliness requirement of section 9545(b)(2) and the newly-discovered-fact exception of section 9545(b)(1)(ii). ***Id.***

After reviewing Appellant's initial and amended PCRA petitions, we conclude that Appellant never raised this claim before the PCRA court. At no

point in those filings did Appellant discuss the note purportedly left in his prison cell, or state that he was unaware, until he received it, that Harley was convicted based on the information Appellant had provided, thus entitling him to a third-degree murder plea. Therefore, his claim that the note revealed a 'new fact' that meets the timeliness exception of section 9545(b)(1)(ii) is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[1]

Instead, in his PCRA petitions, Appellant essentially claimed that he was promised that his guilty plea to criminal homicide would be graded as third-degree murder if he provided police with information about Harley's case. According to Appellant, he pled guilty based on this understanding, yet his homicide conviction was subsequently graded as first-degree murder. He contended that his plea was therefore invalid, and his trial counsel was

_____

[1] In any event, even if not waived, we would conclude that Appellant has not met the due diligence requirement of section 9545(b)(1)(ii). Namely, Appellant only vaguely claims that he "sought for years" to obtain information from his trial counsel and the ADA about whether the information he provided had led to Harley's arrest and conviction. Appellant does not discuss when, or how many times, over the 20 years between his providing information to the authorities about Harley, and his receiving the note in his cell, that he asked his counsel and/or the ADA about the outcome of Harley's case, or about his alleged plea deal to third-degree murder. He also does not claim to have made any other efforts to ascertain if Harley had been convicted during the decades after Appellant's homicide conviction was graded as first-degree murder and he realized he was not getting the benefit of his ostensible plea deal to third-degree murder. Therefore, we would conclude that Appellant's bald and undeveloped assertion of due diligence is not adequate to meet the requirements of section 9545(b)(1)(ii), even had he preserved this claim before the PCRA court.

ineffective for failing to object to the grading of Appellant's homicide conviction, or seek to withdraw Appellant's involuntary guilty plea. Appellant points to the "written fee agreement" as evidence that his counsel knew that Appellant had a plea agreement for third-degree murder, yet counsel did nothing to ensure that Appellant pled guilty to that offense. Appellant claimed that the 'new fact' of this written fee agreement "just came to light" when his brother was "going through a filing cabinet of paperwork of their deceased parents…." Amended PCRA Petition, 11/8/21, at 3.

Appellant's arguments do not satisfy any timeliness exception. The written fee agreement did not reveal any 'new fact.' Instead, it simply set forth the plea agreement that Appellant claims he negotiated with the ADA in 1996. Because Appellant was aware in 1996 of the alleged agreement with the ADA that his homicide conviction would be graded as third-degree murder, the written fee agreement does not contain any 'new fact.' Moreover, Appellant clearly became aware, at the moment his homicide conviction was graded as first-degree murder, that he was not receiving the plea deal to which he was purportedly entitled. He could have raised this claim in a motion to withdraw his plea, on direct appeal, or in any of his five prior PCRA petitions, yet failed to do so. Likewise, Appellant could have challenged, in a timely PCRA petition, his trial counsel's failure to ensure that he received the plea

deal to third-degree.[2]  Because Appellant did not do so, he has not proven that he acted with due diligence is discovering and raising this claim for purposes of overcoming the timeliness requirement of section 9545(b)(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2022

---

[2] We also note that Appellant claims, for the first time on appeal, that his guilty plea was invalid because he had mental health conditions for which he was taking medication that prevented him from comprehending the plea he was entering.  He also claims that his medication inhibited him from explaining to the court that he had negotiated with the ADA a plea agreement to third-degree murder.  Again, Appellant could have raised these claims in a motion to withdraw his plea, on direct appeal, or during one of his prior PCRA proceedings.  He does not explain why he failed to do so.  Thus, his arguments cannot satisfy any timeliness exception.